# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION AT LAFAYETTE

| | | |
|---|---|---|
| MARLENA EDMONDSON, | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CAUSE NO.: 4:18-CV-11 |
| | ) | |
| BRENNAN & CLARK, LTD., LLC, *et al.* | ) | |
| Defendants. | ) | |

## OPINION AND ORDER

This matter is before the Court on Plaintiff's Second Motion for Extension of Time to Respond to Defendants' Motion for Summary Judgment [DE 31], filed on June 19, 2018. Plaintiff seeks an extension of time to respond to Defendants' motion for summary judgment pursuant to Federal Rule of Civil Procedure 56(d). Defendants filed a response on June 20, 2018, and Plaintiff filed a reply on June 26, 2018.

Plaintiff Marlena Edmonson, a debtor, has sued Defendants, including a debt collection agency, for violating the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* To sustain claims under the FDCPA, Edmonson must show that she owed a "debt" as defined by the FDCPA. Essentially, it must be a "consumer" debt: the debt must arise from a transaction made "primarily for personal, family, or household purposes." § 1692(a)(5). Before a Rule 16(b) scheduling conference was held, Defendants moved for summary judgment, claiming (among other arguments) that Edmonson's debt was a "commercial" debt, related to her employment as a social worker, rather than a consumer debt covered by the FDCPA.

Edmonson filed this motion pursuant to Rule 56(d), arguing that she cannot present facts essential to justify her opposition to Defendants' motion for summary judgment. Edmonson attaches a declaration by counsel Duran Keller, stating in part that Plaintiff "has not had an opportunity to

conduct any discovery relating to any of the issues raised in the affidavits" attached to the motion. If a party opposing summary judgment "shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order." Fed. R. Civ. P. 56(d). A Rule 56(d) motion must set forth specific evidence that it might obtain from further discovery that would create a genuine issue as to a specific material fact. *Davis v. G.N. Mortg. Corp.*, 396 F.3d 869, 885 (7th Cir. 2005).

Defendants state that the affidavits "simply serve to authenticate" the insurance policies that gave rise to the disputed debt, and set forth Edmonson's own statements regarding the policies. Defendants argue that because that information is within her knowledge, Plaintiff's requested discovery is unnecessary. However, Defendants' affidavits do more than simply authenticate forms. For example, Defendants attached the affidavit of Thomas Blevins, a non-party insurance agent who sold insurance to Edmonson. In addition to authenticating Edmonson's applications for insurance policies, Blevins states: "As reported to Blevins by Edmonson, Edmonson obtained the policies to secure coverage related to her independent contractor social work." Blevins states that he "personally oversaw completion of the Applications and at no time did Edmonson request personal coverage through the policies. . . . All Policies were solely directed toward her independent contract social work." Defendants incorporated those statements in their motion for summary judgment.

Edmonson argues that she never told Blevins the debt was commercial, and that notwithstanding the content of the documents Blevins authenticates, her debt was made "primarily for personal, family, or household purposes." The question of whether a debt is covered by the FDCPA depends on its purpose at the time the debt was incurred. *See Miller v. McCalla, Raymer,*

2

*Padrick, Cobb, Nichols, & Clark, L.L.C.*, 214 F.3d 872, 874 (7th Cir. 2000) (finding that FDCPA applied based on "the character of the debt when it arose rather than when it is to be collected"). The content and context of Edmonson's alleged "report" to Blevins during the application process concerning the purpose of the policy, and the specific basis for Blevins's conclusion that the policies were "solely directed" to independent contract social work, would inform whether there is a genuine issue of material fact as to the purpose of the debt. Those details are "essential to [Edmonson's] opposition" of summary judgment. Fed. R. Civ. P. 56(d).

For the reasons discussed above, and because summary judgment will not be considered until additional discovery occurs, the Court **DENIES as moot** Defendants' Motion to Strike Portion of the Affidavit of Marlena Edmonson [DE 36], and **STRIKES** Plaintiff's Objections and Memorandum of Law in Opposition to Defendants' Motion for Summary Judgment [DE 34], Defendants' Reply in Support of Summary Judgment [DE 35], and Plaintiff's Opposition to Defendants' Motion to Strike [DE 37].

The Court **GRANTS** Plaintiff's Second Motion for Extension of Time to Respond to Defendants' Motion for Summary Judgment [DE 31], and **STAYS** briefing on the Motion for Summary Judgment until a date to be set at the Rule 16 preliminary pretrial conference, which will be scheduled by separate order.

SO ORDERED this 6th day of November, 2018.

s/ John E. Martin
MAGISTRATE JUDGE JOHN E. MARTIN
UNITED STATES DISTRICT COURT

cc:   All counsel of record