# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION AT LAFAYETTE

| | | |
|---|---|---|
| MARLENA EDMONDSON, | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | CAUSE NO.: 4:18-CV-11 |
| | ) | |
| BRENNAN & CLARK, LTD., LLC, *et al.*, | ) | |
|     Defendants. | ) | |

## OPINION AND ORDER

This matter is before the Court on Plaintiff's Motion to Compel Disclosures [DE 48], filed on March 9, 2019. Defendants served initial disclosures on Plaintiff pursuant to Federal Rule of Civil Procedure 26(a), and Plaintiff argues that the disclosures are deficient and seeks to compel Defendants to produce additional information. Defendants filed a response on March 15, 2019, and Plaintiff replied on March 21, 2019.

Rule 26(a)(1) requires, in part, that each party disclose "the name and, if known, the address and telephone number of each individual likely to have discoverable information," as well as "a copy—or a description by category and location—of all documents . . . that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses." Fed. R. Civ. P. 26(a)(1)(A). A party may seek an order to compel discovery when an opposing party provides evasive or incomplete responses. Fed. R. Civ. P. 37(a). The moving party must certify that it in good faith conferred or attempted to confer with the non-disclosing party before filing the motion. *Id*.; *see also* N.D. Ind. L.R. 37-1 ("A party filing any discovery motion must file a separate certification that the party has conferred in good faith or attempted to confer with other affected parties in an effort to resolve the matter raised in the motion without court action.").

Plaintiff provides the required certification, and alleges three deficiencies in Defendants'

disclosures. First, Defendants declined to provide the phone numbers and addresses of individual employees of Defendant Brennan & Clark, LTD, instead providing counsel's own contact information. Rule 26(a) requires Defendants to disclose "the name and, if known, the address and telephone number of each individual likely to have discoverable information." Fed. R. Civ. P. 26(a)(1)(A). Defendants state that because the employees are represented, they should only be contacted through counsel, so they provided counsel's contact information. However, courts have held that the "hypothetical" concern that counsel may contact represented individuals does not relieve a party's obligation under Rule 26(a) to provide contact information. *See, e.g., Tamas v. Family Video Movie Club, Inc.*, 304 F.R.D. 543, 545 (N.D. Ill. 2015); *Hartman v. Am. Red Cross*, No. 09-1302, 2010 WL 1882002, at *1 (C.D. Ill. May 11, 2010) (collecting cases). Therefore, Defendants must produce the addresses and telephone numbers for those employees.

Next, Plaintiff objects to Defendants naming four categories of unspecified persons as "individual[s] likely to have discoverable information." In brief, Defendants named the following categories: persons identified in Plaintiff's initial disclosures, persons identified in discovery or court filings, persons necessary to authenticate documents, and rebuttal and expert witnesses. Defendants state they do not yet know who these individuals are, but will supplement their disclosures as necessary. Plaintiff offers no evidence that Defendants know who those individuals are, and no argument as to why Defendants should be compelled to identify someone they are not yet aware of. Rule 26(a) requires disclosure of information "reasonably available" at the time; Defendants do not need to identify every individual at the start of discovery. *See* Fed. R. Civ. P. 26(a)(1)(E). Although the Court considers Plaintiff's argument because she provided the required certification that she attempted to resolve these disputes in good faith, Plaintiff's position on this

issue strains credulity. In particular, to seek a court order compelling Defendants to identify the individuals that *Plaintiff* identifies in her own initial disclosures is at minimum a poor use of the parties' and the Court's resources.

Finally, Plaintiff argues that Defendants failed to provide a "description by category and location" of the documents within their control. Fed. R. Civ. P. 26(a)(1)(A)(ii). Plaintiff argues that Defendants descriptions' make it "unclear whether all applicable documents have been produced," possibly including "an insurance policy." Defendants state that their descriptions are sufficient and that Plaintiff did not identify any allegedly missing documents until the motion was filed. Plaintiff provides no basis to conclude that any document was wrongly omitted, or that Defendants were obligated to precisely describe such a document in their initial disclosures. Defendants described categories of documents, as permitted by the rule; they were not required to identify each document. Fed. R. Civ. P. 26(a)(1)(A)(ii); *see also Krawczyk v. Centurion Capital Corp.*, No. 06-C-6273, 2009 WL 395458, at *6 (N.D. Ill. Feb. 18, 2009) ("Rule 26(a) initial disclosures are just that—preliminary disclosures—and are not intended to be a substitute for conducting the necessary discovery."). However, noting that the rule requires a description by "category *and location* (emphasis added)," Defendants should state whether any of the documents it describes are not in their possession, and if not, whose possession they are in. *See Beck v. Am. Honda Fin. Corp.*, No. 12-CV-3133, 2014 WL 1572066, at *3 (C.D. Ill. Apr. 17, 2014) (holding that a party's description of the documents, and the disclosure that they were in her possession, satisfied Rule 26(a)).

For the reasons described above, the Court **GRANTS in part and DENIES in part** Plaintiff's Motion to Compel Disclosures [DE 48], and **ORDERS** Defendants to supplement their initial disclosures, in the manner described above, on or before **April 9, 2019**.

3

Because the motion to compel is granted in part and denied in part, the Court "may, after giving an opportunity to be heard, apportion the reasonable expenses for the motion." Fed. R. Civ. P. 37(a)(5)(C). Accordingly, the Court **ORDERS** Plaintiff to **FILE**, on or before **April 9, 2019**, an itemization of her costs and fees, including attorney's fees, incurred in the Motion to Compel along with argument as to why those expenses are reasonable in this situation, with Defendants to **FILE** a response to the request for expenses and any argument as to the reasonableness of the fees or why payment of fees is unjust, along with any request for payment of their own costs and fees, on or before **April 23, 2019**, and Plaintiff to reply on or before **April 30, 2019**.

SO ORDERED this 26th day of March, 2019.

s/ John E. Martin
MAGISTRATE JUDGE JOHN E. MARTIN
UNITED STATES DISTRICT COURT

cc: All counsel of record