UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION AT LAFAYETTE

| | |
|---|---|
| MARLENA EDMONSON, <br><br> Plaintiff, <br><br> v. <br><br> BRENNAN & CLARK LTD, LLC and MARGARET SCOTTY d/b/a BRENNAN & CLARK LTD, <br><br> Defendants. | CAUSE NO.: 4:18-CV-11-TLS-JEM |

## OPINION AND ORDER

This matter is before the Court on the Defendants' Motion for Summary Judgment [ECF No. 20], filed by the Defendants[1] on May 18, 2018. The Defendants seek summary judgment against the Plaintiff because the Plaintiff's debt was not consumer debt covered by the Fair Debt Collection Practices Act ("FDCPA"). The Plaintiff filed a response [ECF No. 59] on June 17, 2019. The Defendants filed a reply [ECF No. 63] on July 1, 2019. For the following reasons, the Court dismisses the Plaintiff's Complaint without prejudice for lack of subject matter jurisdiction.

## BACKGROUND

On April 18, 2016, the Plaintiff applied for a commercial auto policy, a business liability policy, and an additional policy described as the "umbrella" policy from Erie Insurance Exchange, Inc., through the Blevins Insurance Agency, Inc. Aff. of Thomas Blevins, App. Attach. to Defs.' Mot. for Summ. J. 2, ECF No. 20-1. The Plaintiff avers that she did not intend

---

[1] The Defendant Margaret Scotty's real name is Margaret Larson. *See* Apr. 2, 2020 Order 2–3, ECF No. 65. The Court denied the Plaintiff's request to have the Court amend the caption, and the Plaintiff has not filed a Motion for Leave to File a Second Amended Complaint to correct the caption. *Id.*

to purchase commercial auto insurance and that she purchased the auto insurance for personal use. *See* Aff. of Marlena Edmonson, App. Attach. to Pl.'s Resp. 2–6, ECF No. 59-1. The insurance agent, Thomas Blevins, avers that the Plaintiff sought commercial auto insurance. *Id.* at 2 ¶ 5. Blevins attached to his affidavit copies of the signed insurance documents. Exhs. 1–6 Attach. to Blevins Aff. 5–27, ECF No. 20-1.

The Plaintiff had an unpaid balance of between $800 and $900 for her three insurance policies. Dep. of Thomas Blevins, Attach. to Pl.'s Resp. 50, ECF No. 59-1. On March 5, 2018, the Plaintiff's attorney contacted the Defendants regarding the Defendants' attempts to collect the money the Plaintiff owes. Aff. of Margaret Scotty, App. Attach. to Defendants' Mot. for Summ. J. 52, ECF No. 20-1. The Plaintiff filed her Complaint that day. *See id.*; Compl., ECF No. 1.

In her Complaint, the Plaintiff alleges violations of the FDCPA, 15 U.S.C. §§ 1692–1692p. Compl. 1 ¶ 2, 3–4. The Plaintiff alleges that Defendants subjected the Plaintiff "to multiple lies, abuse, and threats." *Id.* at 1 ¶ 1. The Plaintiff alleges that the Defendants' "conduct caused [the Plaintiff] headaches, sadness, fear, and anxiety." *Id.* at 1 ¶ 2. The Plaintiff specifically alleges that the Defendants violated the FDCPA by conducting business under a fictitious name, failing to disclose that the Defendants were debt collectors, making statements regarding litigation with no plan to file a lawsuit, making misleading representations, communicating with a third-party to collect the alleged debt, and by failing to send the Plaintiff written notice pursuant to the FDCPA within five days after the Defendants first contacted the Plaintiff. *Id.* at 3–4 ¶¶ 24–35.

## ANALYSIS

The Defendants argue that the Plaintiff's claim should fail as a matter of law because the Plaintiff's debt was not consumer debt. Before considering the merits of the Defendant's Motion, the Court must consider whether it has subject matter jurisdiction. Specifically, the Court first considers whether the Plaintiff has sufficiently alleged standing to bring her FDCPA claim.

Federal courts are only permitted to decide legal questions that occur in the context of an actual case or controversy. *Alvarez v. Smith*, 558 U.S. 87, 92 (2009) (citing U.S. Const., Art. III, § 2); *see also Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547 (2016) (noting that "no principle is more fundamental to the judiciary's proper role in our system of government than the constitutional limitation of federal-court jurisdiction to actual cases or controversies" (quoting *Raines v. Byrd*, 521 U.S. 811, 818 (1997) (brackets omitted))). Jurisprudence on the legal concept of standing is rooted in the Constitution's case-or-controversy limitation on federal judicial authority. *Friends of the Earth, Inc. v. Laidlaw Env't Servs. (TOC), Inc.*, 528 U.S. 167, 180 (2000).

To demonstrate standing, "the plaintiff or party invoking federal jurisdiction [must] demonstrate that [she] has suffered an injury in fact that is fairly traceable to the defendant's conduct and redressable by a favorable judicial decision." *Pennell v. Glob. Tr. Mgmt., LLC*, 990 F.3d 1041, 1044 (7th Cir. 2021). Standing must be established when the complaint is filed, and it may not be created later. *Id.* The Court can review standing at any stage of the litigation. *Id.*

Standing requires an injury-in-fact. *Id.* An injury-in-fact must be "(a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical." *Friends of the Earth, Inc.*, 528 U.S. at 180. An injury is particularized when it has a personal and individual effect on the plaintiff. *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 n.1 (1992). An injury is concrete when it is a real injury, and not an abstract injury. *Spokeo*, 578 U.S. at 339. However, intangible harms

3

may be concrete injuries. *Id.* at 340–. To determine whether an intangible harm is concrete, courts consider the relationship between the intangible harm and harms that traditionally form the basis for suits under American or English law. *Id.* at 340–41. The mere violation of a statute does not necessarily create a concrete harm. *See id.* at 342 (holding that the plaintiff could not satisfy standing merely by alleging a procedural violation of the statute in a Fair Credit Reporting Act ("FCRA") case); *TransUnion LLC v. Ramirez*, 141 S. Ct. 2190, 2209–10 (2021) (holding that a violation of the FCRA obligation to use reasonable procedures in internally maintaining credit files did not create standing without the plaintiff proving the additional harm of dissemination to third-party creditors).

Following *Spokeo*, the Seventh Circuit held that a bare procedural violation of the FDCPA is insufficient, standing alone, to create a concrete harm demonstrating standing. *Casillas v. Madison Ave. Assocs., Inc.*, 926 F.3d 329, 333–35 (7th Cir. 2019). A plaintiff bringing a claim under the FDCPA is required to show a concrete harm, and receipt of an incomplete notice under the statute is not a concrete harm. *Id.* at 334. Even the violation of a substantive part of the FDCPA is insufficient, standing alone, to show a concrete harm. *See Larkin v. Fin. Sys. of Green Bay, Inc.*, 982 F.3d 1060, 1066 (7th Cir. 2020) (citing *Thole v. U.S. Bank N.A.*, 140 S. Ct. 1615, 1621 (2020)). "When a debt collector fails to inform a debtor of his statutory rights, then the debtor has suffered a concrete injury 'only if it impairs the [debtor's] ability to use [that information] for a substantive purpose that the statute envisioned.'" *Wadsworth v. Kross, Lieberman & Stone, Inc.*, 12 F.4th 665, 668 (7th Cir. 2021) (citations and internal quotation marks omitted). A plaintiff has standing if the debt collector's violation of the statute causes the plaintiff to pay excess money or not contest the debt, affects the plaintiff's credit, or otherwise modifies the plaintiff's behavior. *See Markakos v. Medicredit, Inc.*, 997 F.3d 778, 780 (7th Cir.

2021); *Wadsworth*, 12 F.4th at 668. The FDCPA is also intended to prevent abusive debt collection practices that lead to invasion of privacy, marital instability, personal bankruptcy, and job loss. *See Wadsworth*, 12 F.4th at 668; 15 U.S.C. § 1692(a). The plaintiff's complaint must allege that the plaintiff was harmed or had an appreciable risk of harm based on the debt collector's violations of the FDCPA. *Nettles v. Midland Funding LLC*, 983 F.3d 896, 900 (7th Cir. 2020), *cert. denied Nettles v. Midland Funding LLC* (U.S. Oct. 4, 2021).

A plaintiff bringing a FDCPA claim may not show concrete harm through stress caused by, or annoyance from, the debt collection process. The Seventh Circuit held that stress and anxiety do not create a concrete injury-in-fact. *Wadsworth*, 12 F.4th at 668 (citing *Pennell v. Global Tr. Mgmt.*, 990 F.3d 1041, 1045 (7th Cir. 2021); *Gunn v. Thrsaher, Buschmann & Voelkel, P.C.*, 982 F.3d 1069, 1071 (7th Cir. 2020)). In *Wadsworth*, the Court held that the plaintiff did not have standing to bring her claims despite testifying in her deposition that she lost sleep due to her stress and anxiety from the debt collection. *Id.* at 668–69. A plaintiff must be able to show that the harm would not have occurred had the FDCPA been followed. *Id.* at 669.

The Plaintiff does not have standing to bring her claims because she fails to allege any concrete harm. The Plaintiff only alleges statutory violations and emotional harms that are insufficient to show a concrete harm. The Plaintiff specifically alleges that the Defendants caused her "headaches, sadness, fear, and anxiety." Compl. ¶ 2. The Plaintiff's allegations that the Defendants committed statutory violations are premised on alleged failures by the Defendants to provide the Plaintiff with various forms of notice and information required by the FDCPA. *See id.* at ¶¶ 24–35. The Plaintiff does not allege that the Defendants' FDCPA violations caused her a concrete harm. The Plaintiff fails to allege that she suffered any specific injuries because of the alleged failure of the Defendants to follow the FDCPA. This case is

nearly identical to *Wadsworth*. In *Wadsworth*, the plaintiff's allegation of suffering from stress-induced lack of sleep was insufficient to provide her with standing. 12 F.4th at 668. Likewise, the Plaintiff's mere allegation that she suffered headaches as a result of the Defendants' actions is insufficient to provide her with standing. The Plaintiff lacks standing to bring her claims under the FDCPA.

Because the Plaintiff lacks standing to bring her claims, the Court does not reach the merits of the Defendants' motion for summary judgment.

## CONCLUSION

Based on the foregoing, the Plaintiff's Complaint is DISMISSED without prejudice for lack of subject matter jurisdiction. The Court DENIES as moot the Defendants' Motion for Summary Judgment [ECF No. 20].

SO ORDERED on November 4, 2021.

s/ Theresa L. Springmann  
JUDGE THERESA L. SPRINGMANN  
UNITED STATES DISTRICT COURT